IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 01-CR-030-TCK |
| | ) | (04-CV-354-TCK-FHM) |
| DARRYL E. MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion (Dkt. # 225) filed by Defendant Darryl E. Montgomery

("Montgomery") styled "Motion to Withdraw Plea of Guilty and [for] Appointment of Counsel."

By Order filed April 21, 2004 (Dkt. # 226), the Court provided notice to Montgomery of its intent

to adjudicate this motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.

§ 2255. On May 28, 2004, Montgomery filed a supplemental brief (Dkt. # 230) acknowledging that

he seeks relief under 28 U.S.C. § 2255.  The government filed a response (Dkt. # 236) on July 1,

2004.  On July 30, 2004, Montgomery filed a reply to the government's response (Dkt. # 245).  This

case was reassigned to the undersigned on June 20, 2005 (Dkt. # 265).

As a preliminary matter, the Court exercises its discretion to deny Montgomery's motion for

appointment of counsel.  There is no constitutional right to counsel beyond the direct appeal of a

conviction.  See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994).

### BACKGROUND

While in state prison, Montgomery conspired with others to file false income tax returns on

behalf of other inmates without their knowledge or consent in order to receive those inmates' tax

refunds from the Internal Revenue Service (IRS). The Indictment against Montgomery and three co-

defendants was filed on March 14, 2001, alleging a conspiracy taking place between July 1, 1995

and February 13, 1999.  On June 29, 2001, Montgomery entered into plea of guilty (Dkt. # 73) to

one count of conspiracy to file false tax returns for 1995 and 1996 in violation of 18 U.S.C. § 286,

which provides as follows:

> Whoever enters into any agreement, combination, or conspiracy to defraud the
> United States, or any department or agency thereof, by obtaining or aiding to obtain
> the payment or allowance of any false, fictitious or fraudulent claim, shall be fined
> under this title or imprisoned not more than ten years, or both.

Montgomery stipulated to a total intended loss to the government of $922,504. See Dkt. # 73 at 3.

On August 20, 2002, Montgomery filed a motion to withdraw plea of guilty (Dkt. # 168) alleging,

*inter alia*, that his guilty was coerced and therefore involuntary. He also filed a motion to disqualify

(Dkt. # 170).  By Order filed November 27, 2002 (Dkt. # 191), the Court adopted the

recommendation of the United States Magistrate Judge and denied Montgomery's motions to

disqualify and to withdraw plea.  On December 19, 2002 (Dkt. # 195), the Court overruled

Montgomery's objections to the Presentence Investigation Report, granted the government's motion

for an upward departure, and sentenced Montgomery to 120 months imprisonment, to run

consecutively to the undischarged term of imprisonment entered in Comanche County District

Court, Case No. CRF-98-7.[1]   The Court also imposed restitution for the actual loss to the

government of $50,912.  See Dkt. # 195.

Montgomery filed a timely direct appeal challenging the Court's denial of his motion to

disqualify, the upward departure, and the failure to make written findings concerning objections to

the Presentence Investigation Report.  By Order filed October 27, 2003, the Tenth Circuit affirmed

Montgomery's sentence, but remanded for the purpose of reducing to writing the Court's findings

---

[1]In Comanche County District Court, Case No. CRF-98-7, Montgomery was convicted of
First Degree Murder and sentenced to life imprisonment without the possibility of parole.

2

regarding Montgomery's objections to the Presentence Investigation Report.  <u>See</u> Dkt. # 220.  On November 24, 2003, the Circuit denied a petition for rehearing *en banc*.

## *ANALYSIS*

In his § 2255 motion and related pleadings, <u>see</u> Dkt. #s 225, 230, 245, Montgomery argues that he should be allowed to withdraw his plea of guilty because his trial counsel was ineffective in that he "goaded and manipulated [Montgomery] into pleading guilty," <u>see</u> Dkt. # 225 at 6,  even though the five-year statute of limitations had run on at least part of the offense with which Montgomery was charged.  He argues that his sentence would have been reduced had his counsel argued this point insofar as any money he obtained outside the limitations period could not have been considered in the Court's determination of his sentence.  He also argues that his appellate counsel was ineffective for failing to raise this issue on appeal, even though Montgomery had requested that he do so.

### A. Request to withdraw guilty plea shall be dismissed

On April 21, 2004, the Court converted Montgomery's motion to withdraw his plea into a collateral attack under § 2255, implicitly dismissing the motion to withdraw plea "because the Court already has ruled on Defendant's motion and because Defendant has already been sentenced . . . ." <u>See</u> Dkt. # 226. For those same reasons, the Court now explicitly dismisses, pursuant to the provisions of Fed. R. Crim. P. 11(e), Montgomery's request to withdraw his guilty plea.  <u>See</u> Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.").

### B.  Procedural bar

3

It is well-established that a § 2255 motion is not available to test the legality of matters that should have been raised on appeal.  See United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992).  The general rule is that a § 2255 motion "will not be allowed to do service for an appeal." Adams v. United States ex rel. McCann, 317 U.S. 269, 274 (1942).  Failure to raise an issue on direct appeal thus acts as a bar to raising the issue in a § 2255 motion unless the petitioner can show cause and actual prejudice or can show that a fundamental miscarriage of justice will result if his claim is not addressed.  See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).  The Court will enforce the procedural bar and hold Petitioner's claims barred unless he can show (1) cause and prejudice or (2) a fundamental miscarriage of justice.  Id.

In this case, Montgomery's claims alleging that (1) the Court erred in denying his motion to withdraw guilty plea, (2) the governing five (5) year statute of limitations had expired as to some acts giving rise to the charges listed in the indictment, (3) expiration of the statute of limitations affected the calculation of his offense level, and (4) expiration of the statute of limitations affected the amount of restitution ordered, all could have been but were not raised on direct appeal. Therefore, those claims shall be denied as procedurally barred unless Montgomery demonstrates "cause and prejudice" or a "fundamental miscarriage of justice."

Montgomery offers no explanation for his failure to challenge the Court's denial of his motion to withdraw plea on direct appeal.  As a result, the Court finds he has failed to demonstrate "cause" for his procedural default of that claim.  However, in an attempt to overcome the procedural bar applicable to his statute of limitations claims, Montgomery alleges that appellate counsel provided ineffective assistance in failing to raise those claims on direct appeal.  See Dkt. # 245 at 4. A defendant may show cause for a procedural default by demonstrating that he received

4

ineffective assistance of counsel.  See United States v. Cox, 83 F.3d 336 (10th Cir. 1996).  In order to succeed on such a claim, however, Montgomery must satisfy the demanding standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  The Supreme Court in Strickland held that a claim of ineffective assistance of counsel has two components.  First, a petitioner must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 687.  "The proper standard for attorney performance is that of reasonably effective assistance." Id.  Therefore, to succeed, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness.  However, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making such an evaluation, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.  A petitioner must also show that "the [attorney's] deficient performance prejudiced the defense." Id. at 687.  That is, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Id.

Montgomery argues that the five year statute of limitations contained in 18 U.S.C. § 3282 governs his case and that the government failed to prove that he committed any overt act within five years of the filing of the Indictment on March 14, 2001 (i.e., after March 14, 1996).  He argues that this invalidates his sentence and that his trial and appellate counsels' failure to raise these issues constitutes ineffective assistance.  He requests that the Court vacate the judgment against him, allow

him to withdraw his plea and set a new trial.  In the alternative, he requests that the Court hold an evidentiary hearing to determine the effect of the statute of limitations in this case.  In its response, the government does not dispute that the five year limitations period of § 3282 controls, but argues that it satisfied the requirements of that statute through the testimony of its witness at Montgomery's sentencing that he had committed overt acts in furtherance of the conspiracy as late as 1999, thus satisfying the requirements of § 3282.

The Court agrees with the government.  "To satisfy the statute of limitations, the prosecution must show that the conspiracy continued to exist five years prior to the indictment ... and that 'at least one overt act in furtherance of the conspiratorial agreement was performed within that period.'" United States v. Hauck, 980 F.2d 611, 613 (10th Cir. 1992) (quoting Grunewald v. United States, 353 U.S. 391, 397 (1957)).  Even if the conspiracy began outside the limitations period, the prosecution will not be prevented "as long as at least one overt act in furtherance of the conspiracy occurred within five years of the indictment." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1398 (4th Cir. 1993).

In the instant case, the indictment was filed on March 14, 2001.  As a result, the prosecution had to provide evidence of at least one overt act in furtherance of the conspiracy that occurred after March 14, 1996.  The indictment alleges that the conspiracy took place "[f]rom on or about July 1, 1995, to on or about February 13, 1999."  Although overt acts occurring between July 1, 1995, and March 14, 1996, were outside the limitations period, the government presented evidence of overt acts in furtherance of the conspiracy occurring after March 14, 1996.  Montgomery pleaded guilty to Count 1 of the indictment, see Dkt. #s 73 and 74, and admitted that "from about July 1, 1995 to February 13, 1999, I prepared or caused to be prepared false U.S. income tax returns and submitted

6

them for payment to the IRS.  The other codefendants assisted me to accomplish this purpose."

Thus, Montgomery admitted the scope of the conspiracy encompassed the period of time within five

(5) years of the filing of the indictment.  See United States v. Helmich, 704 F.2d 547, 548 (10th Cir.

1983) ("A defendant who pleads guilty can challenge the prosecution as time-barred only insofar

as the indictment on its face shows that the limitations period had expired.").  Furthermore, at

Montgomery's change of plea hearing, the government stated that the fraudulent returns for the 1995

tax year "got mailed in the early part of 1996 up through April 15th of '96 for the 1995 tax year, and

during that time period [Montgomery] was up here at Hominy at Conners Correctional."  See Dkt.

# 174, Ex. A, Change of Plea Trans. at 20.  In addition, as noted by the Tenth Circuit, evidence was

presented at sentencing in support of the government's motion for an upward departure indicating

that Montgomery was a leader and organizer in the tax fraud scheme and that substantial evidence

indicated Montgomery was planning to attempt the same scheme again.  See Dkt. # 220 at 4.  The

Court finds Montgomery engaged in overt acts in furtherance of the conspiracy within five (5) years

of the filing of the indictment.  Therefore, his statute of limitations claim is without merit and

appellate counsel did not perform deficiently in failing to raise it on direct appeal.

The Court also rejects Montgomery's arguments that proper application of the five (5) year

limitations period would have resulted in both a lower offense level at sentencing and a lower

restitution amount and that counsel provided ineffective assistance in failing to so argue.  As noted

by the government, all relevant conduct of a defendant may be considered at sentencing and

"statutes of limitations play no role in the sentencing phase of a criminal proceeding."  United States

v. Neighbors, 23 F.3d 306, 311 (10th Cir. 1994).  Therefore, even if relevant conduct occurred prior

to March 14, 1996, the Court did not err in considering the allegedly time-barred acts in sentencing

Montgomery.  See United States v. Jaynes, 75 F.3d 1493, 1507-08 (10th Cir. 1996).  Counsel did not provide ineffective assistance in failing to raise the statute of limitations issues on appeal in calculating Montgomery's offense level and restitution.

The Court finds that Montgomery's plea of guilty establishes the existence of overt acts occurring within the five (5) year limitations period.  As a result, his statute of limitations argument is without merit.  Accordingly, under the Strickland test, no prejudice could have resulted to Montgomery's defense from his counsels' failure to raise this issue either at trial or on appeal. Because the statute of limitations arguments asserted by Montgomery are meritless, the Court finds that appellate counsel did not provide ineffective assistance in failing to present the statute of limitations arguments. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) (counsel is not ineffective for failing to raise meritless claims). Montgomery has failed to demonstrate "cause" for the procedural default of his claims.

Montgomery may also overcome the procedural bar applicable to his defaulted claims by demonstrating that a "fundamental miscarriage of justice" will result if his claims are not considered. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991). In this case, Montgomery asserts that he is innocent of some of the charges in the indictment based on his statute of limitations defense discussed above.  That allegation, however, constitutes a claim of legal innocence rather than actual innocence and does not give rise to a fundamental miscarriage of justice sufficient to overcome a procedural bar. See Selsor v. Kaiser, 22 F.3d 1029, 1035 (10th Cir. 1994) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).

The Court concludes that Montgomery has failed to demonstrate "cause and prejudice" or a "fundamental miscarriage of justice" sufficient to overcome the procedural bar applicable to his claims that could have been but were not raised on direct appeal.

**C.  Neither trial nor appellate counsel provided ineffective assistance**

As discussed above, Montgomery argues that both trial and appellate counsel provided ineffective assistance in failing to assert a statute of limitations defense.  The Court has determined above that ineffective assistance of appellate counsel does not provide "cause" to overcome the procedural bar applicable to Montgomery's statute of limitations claim. In addition, because the statute of limitations claims lack merit, trial counsel was not ineffective in failing to raise the claims. Therefore, Montgomery has failed to satisfy the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and, as a result, he is not entitled to § 2255 relief on his claims of ineffective assistance of counsel for failure to raise the statute of limitations issues.

*CONCLUSION*

Because Montgomery's statute of limitations argument lacks merit, neither trial nor appellate counsel provided ineffective assistance in failing to raise the claims.  Therefore, Montgomery is not entitled to relief on his claims of ineffective assistance of counsel.  The remainder of Montgomery's claims are procedurally barred. His motion pursuant to 28 U.S.C. § 2255 shall be denied.

9

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     Montgomery's 28 U.S.C. § 2255 motion (Dkt. # 225) is **denied**.

2.     Montgomery's motion to withdraw guilty plea (Dkt. # 225) is **dismissed**.

3.     Montgomery's motion for appointment of counsel (Dkt. # 225) is **denied**.

4.     Montgomery's motion for a status (Dkt. # 249) is **declared moot**.

DATED THIS 17th day of August, 2007.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE