# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 01-CR-30-001-TCK |
| DARRYL E. MONTGOMERY, ) | USM Number 08897-062 |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant's motion to Terminate Statutory Restitution Provision (Doc. 300).

On December 12, 2001, Defendant was sentenced after a plea of guilty for the offense of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 286. Defendant was sentenced to the custody of the U.S. Bureau of Prisons for a term of 120 months, to run consecutively to an undischarged state sentence. The Court further ordered Defendant to pay a $100 special assessment and restitution totaling $50,912 to the Internal Revenue Service.

Defendant moves the Court to terminate the restitution order based on the erroneous contention that this Court vacated restitution orders of co-defendants Vanessa Gilliam and Gayle Ward. In fact, neither co-defendant has been granted relief from the restitution orders entered in their cases. To support his argument, Defendant cites an Order of Disbursement as to Ward (Doc. 299). See Doc. 300, p. 4. However, this order granted a request for reimbursement for overpayment of restitution. It did not relieve Ward of her restitution obligation.

The Court's order of restitution constitutes a final judgment, notwithstanding the fact that such sentence may be corrected, appealed, amended or adjusted under certain circumstances. 18

U.S.C. § 3664(o). Section 3664(o) references several limited circumstances in which orders of restitution may be changed, including those set out in Rule 35 of the Federal Rules of Criminal Procedure, and 18 U.S.C. §§ 3742, 3664(d)(5), 3664(k), 3572, 3613A, 3565 and 3614. The Court has carefully considered each of these statutes and finds no authority in any of the sections cross-referenced in § 3664(o) that would provide a bases for a district court to terminate the restitution order. The Court is therefore without authority to grant the relief sought.

**IT IS THEREFORE ORDERED** that Defendant's motion to Terminate Statutory Restitution Provision (Doc. 300), is **DENIED.**

**DATED** this 4th day of February, 2015.

_____
TERENCE C. KERN
United States District Judge